IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SATYAJIT SANYAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv906 (JCC/JFA) |
| ) | |
| TOYOTA MOTOR CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Toyota Motor Corporation's ("Defendant" or "TMC") Motion to Quash Service [Dkt.2]. For the following reasons, the Court will grant TMC's Motion to Quash Service and allow Satyajit Sanyal ("Plaintiff" or "Sanyal") to serve TMC in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention").

**I. Background**

On July 10, 2012, Sanyal was driving to work in his 2011 Toyota Camry when he crashed head-on into a tree. (Notice of Removal [Dkt. 1], Ex. 1 ¶ 7.) According to Sanyal, the airbags did not deploy despite significant damage to the front end of the vehicle. (*Id.* ¶ 8(c).) He sustained serious and lasting injuries that have diminished his earning capacity and require expensive medical treatments.

1

Sanyal filed the current action in the Circuit Court for Fairfax County on June 18, 2014. (Notice of Removal [Dkt. 1] ¶ 1.) Attached to his state court complaint is a return of service. (Notice of Removal, Ex. 1, at 21-22).[1] The handwriting on the return is barely legible. From what can be discerned, the return states that on June 27, 2014, the complaint was served on "Defendant Toyota Motor Corporation by serving its U.S. headquarters [illegible] Toyota Motor North America, the legal California company to the parent Japanese Corporation, at 19001 Southwestern Ave., Torrance, CA 90501." (*Id.*) Sanyal also sent the complaint and summons via certified mail to "Toyota Motor Corporation, National Customer Relations" at "19001 Southwestern Avenue WC11 Torrance, CA 90501." (Pl.'s Opp. [Dkt. 7], Ex. 2, at 2.) According to Sanyal, "he was advised by a customer service representative of Toyota to use Toyota Motor Corporation as the name of corporation and was also provided the California address information during the same call made by the plaintiff to request the postal address to mail documents[.]" (Pl.'s Opp. ¶ 7.)

TMC received the complaint and summons on June 27, 2014. (Notice of Removal ¶ 2.) Shortly thereafter, it removed to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a)(1). (*Id.* ¶ 4). TMC then moved to quash service and

---

[1] Pagination is according to CM/ECF.

dismiss Sanyal's complaint under Federal Rule of Civil Procedure 12(b)(5) on grounds that Sanyal did not properly serve TMC, a Japanese corporation, under the Hague Convention. (Def.'s Mot. to Dismiss [Dkt. 2].) Having been fully briefed and argued, TMC's motion is now before the Court.[2]

## II. Standard of Review

A defendant may challenge the sufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5). Once challenged, the burden of establishing validity of service under Federal Rule of Civil Procedure 4 shifts to the plaintiff. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). When a defendant has actual notice of the claim, "the rules, in general, are entitled to a liberal construction." *Armco, Inc. v. Penrod-Stauffer Bld. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Id.* However, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.* If a court finds that plaintiff has failed to effectuate service

---

[2] After the motion hearing, Sanyal filed "Reference Documents for Service of Process on a Foreign Corporation [Dkt. 14]." The documents referred to California cases discussing serving a foreign corporation by serving its general manager or domestic subsidiary. The Court has considered these documents and found them inapplicable here, as the cases discuss whether service was effective under California law. As this case has been filed in Virginia, Virginia law and the Federal Rules of Civil Procedure control whether service of process is effective.

under the meaning of Rule 4, the court may either dismiss the complaint or quash service and allow the plaintiff to attempt service again. *Vorhees v. Fischer & Krecke,* 697 F.2d 574, 576 (4th Cir. 1983).

### III. Analysis

TMC argues that the Hague Convention governs service in this case. (Def.'s Mot. to Dismiss Mem. [Dkt. 3] at 2.) Article 1 of the Hague Convention states that "[t]he present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial . . . document for service abroad." Convention on the Service Abroad of Judicial and Extrajudicial Documents art. 1, Nov. 15, 1965, 20 U.S.T. 361, 65 U.N.T.S. 163. TMC acknowledges it received the complaint and summons. (Def.'s Reply [Dkt. 8] at 2; Notice of Removal ¶ 2.)

The Supreme Court considered the applicability of the Hague Convention in *Volkswagenwerk Aktiengesellschaft v. Schlunk*. The question presented in that case was whether the attempt to serve process on a foreign corporation by serving its domestic subsidiary complied with the Hague Convention. 486 U.S. 694, 696 (1988). The Supreme Court held that "[i]f the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Id.* In

4

*Schlunk*, Illinois law did not require the plaintiff to transmit documents abroad, as a state statute made the wholly-owned domestic subsidiary the foreign corporation's involuntary agent for service of process. *Id.* at 707. Therefore, the Hague Convention was inapplicable. *Id.* at 708.

Under Virginia law, service of process on a foreign defendant's wholly-owned subsidiary is not sufficient to effect service on the foreign parent so long as the parent and the subsidiary maintain separate corporate identities. *Davies v. Jobs & Adverts Online, Gmbh*, 94 F. Supp. 2d 719, 722-23 (E.D. Va. 2000); *Fleming v. Yamaha Corp., USA*, 774 F. Supp. 992, 994 (W.D. Va. 1991) (citing *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335-36 (1925)). Thus, the question is whether Toyota Motor Sales and TMC are considered separate corporate entities. If they are separate, then Sanyal has not properly effected service on TMC.

The parties have not produced any evidence on this point. At oral argument, TMC's counsel stated that TMC did have an ownership interest in Toyota Motor Sales. According to filings with the Securities and Exchange Commission ("SEC"), Toyota Motor Sales is a wholly-owned subsidiary of TMC. Toyota Motor Corp., Annual Report Form 20-F, https://www.sec.gov/Archives/edgar/data/1094517/0001193125142461

00/d678020d20f.htm#toc.³  Without anything further, the Court cannot discern whether the corporations are, in fact, separate. Therefore, out of an abundance of caution, the Court will grant Defendant's Motion to Quash Service and direct Sanyal to re-serve TMC in accordance with the Hague Convention.  *See* Hague Form, Civil Forms, United States District Court Eastern District of Virginia, http://www.vaed.uscourts.gov/formsandfees/civil.htm; Hague Conference on Private International Law, Authorities,http://www.hcch.net/index_en.php?act=authorities.details&aid=261.  Sanyal is advised that he has sixty days from the entry of this Memorandum Opinion and corresponding Order in which to effectuate service properly.  *See Davies*, 94 F. Supp. 2d at 721.  Should he fail to do so, his case against TMC will be dismissed.

### IV. Conclusion

For the foregoing reasons, the Court will grant TMC's Motion to Quash.  An appropriate order will issue.

|  | /s/ |
|---|---|
| September 30, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

³ In considering a motion to dismiss, a district court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Moore v. Flagstar Bank*, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997).

6